# Haas v. Hall & Farley.

*Action on a Promissory Note given for Subscription to Stock of a Corporation.*

1   *Action on a subscription note for corporate stock; sufficiency of plea; false representation.*—In an action on a promissory note given for a subscription to stock in a corporation, the defendant set up by special plea that those representing the company falsely represented to him that it was an existing corporation, legally organized, and that on the payment of the note, the defendant should become a stockholder in said corporation; and that in reliance upon these representations,

[Haas v. Hall & Farley.]

which the person making them knew to be false, the defendant executed the note sued upon ; that the corporation was fraudulently organized in that 20 per cent of the capital stock was not paid in as required by law, but was so represented by the officers to the judge of probate who issued the certificates of incorporation. To this plea the plaintiff demurred upon several grounds, which were, in substance, that said plea did not allege that the subscription was made before the certificate of organization; that it showed there had been issued a certificate of organization; that it was shown by said plea that the defendant contracted with the plaintiff as a corporation, and was thereby estopped from denying its legal existence. *Held:* That the plea was not subject to the grounds of demurrer assigned, and the demurrer should have been overruled.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This suit was brought by the appellees J. L. Hall and L. B. Farley against the appellant J. C. Haas.

The complaint was in words and figures as follows : "The plaintiffs claim of defendant the sum of twenty-five hundred dollars, with interest thereon, due from the defendant to the plaintiffs by virtue of an instrument, undertaking and contract in writing, duly executed by the defendant on the 31st day of August, 1887, to the Alabama Terminal and Improvement Company, a corporation organized, incorporated, chartered and existing under the laws of said State, and which is in words and figures in substance as follows, towit : '$2500. Troy, Ala., August 31st, 1887. I promise to pay to the Alabama Terminal and Improvement Company, as now chartered under the general incorporation laws of the State of Alabama, or any amendments that may hereafter be made either by general law or by act of the legislature, its order or assigns, twenty-five hundred dollars, at the banking house of Farmers & Merchants Bank, Troy, Ala., to be paid in cash on demand at the maturity of this note ; this amount being my subscription to the capital stock of The Alabama Terminal & Improvement Company. It is agreed that said amount, towit, twenty five hundred dollars, matures and becomes due and payable whenever the board of directors of said company shall decide that the Alabama Midland Railroad has been finished to a point within one mile from the center of the city of Montgomery, Ala., from one or the other of its southern terminal points, and that said road is of

standard guage, laid with steel rails, publication of said decision of said board of directors to be made in one of the daily papers of the city of Montgomery, Ala., shall be final and conclusive notice to me of the same. It is hereby agreed and made part of the condition of this contract, that if the said Alabama Terminal and Improvement Company shall fail to complete the work necessary to make this obligation binding, by the first day of October, 1890, then this instrument is null and void. I hereby waive all and every right which I may now or hereafter have under the constitution and laws of Alabama, to have any personal property exempt from levy and sale under legal process, and choses in action from garnishment. [Signed] J. C. Haas.' The plaintiffs aver that said railroad of said Alabama Midland Railroad Company was, prior to the 1st day of October, 1890, finished to a point within one mile from the center of the city of Montgomery, Ala., from one or the other of its southern terminal points, to-wit, Bainbridge, Ga., and that said road was of standard guage, and laid with steel rails, and that the same was so decided by the board of directors of said Alabama Terminal and Improvement Company, which said decision was, to-wit, on the first day of October, 1891, published in the Montgomery Advertiser, a daily paper published in the city of Montgomery, Ala. And plaintiffs aver that the defendant in said instrument waived his right of exemption to personal property secured to him under the constitution and laws of Alabama, and that the said obligation sued upon in this case is now the property of plaintiffs. Plaintiffs admit the following credits: June 2, 1890, $125.00; Nov. 13, 1890, 139.30.''

To this complaint the defendant filed two pleas, the substance of the first is sufficiently stated in the opinion. The fourth plea was as follows: ''And for further plea, in this behalf the said defendant says actio non, because he says the said writing sued on was obtained from him upon false and fraudulent pretenses and without any consideration.'' To the first plea the plaintiff demurred on the following grounds: ''1st. It is not averred or shown by the said plea that the contract of subscription sued upon was made before the certificate of organization was issued to the Alabama Terminal and Improvement Company.

"2d. It is shown in and by the allegations of said plea that the Alabama Terminal and Improvement Company had at the time the note sued upon was executed, a certificate issued by the proper officer of the State of Alabama, authorizing it to do business as a corporation, and that the defendant contracted with it as a corporation.

"3d. It is averred in said complaint to which plea purports to be an answer, and is not denied by said plea, that the said defendant contracted witn the said Alabama Terminal and Improvement Company as a corporation, and he is, therefore, estopped from denying the legal existence of such corporation.

"4th. It is shown by the allegations of said complaint, and not denied by the allegations of said plea, that at the time the note sued upon was executed by defendant, the Alabama Terminal and Improvement Company was doing business as an organized corporation; and that the said defendant contracted with it as a corporation, and is thereby estopped from denying the legal existence of such corporation.

"5th. It is shown by the allegations of said complaint and not denied by the said plea, and is also shown by the allegations of said plea, that the defendant contracted with the Alabama Terminal and Improvement Company in the execution of the note sued upon as a corporation; and he can not set up the alleged fraud, or deny the legal existence of such corporation to the bar or preclusion of said right of such plaintiffs to recover upon said notes.

"6th. Under the allegations of said plea, the defendant can not set up the alleged defect in the organization of the Alabama Terminal and Improvement Company.

"7th. Under the allegations of the complaint, not denied by the plea, and under the allegations of the said plea, the complainant is estopped from denying the legal existence of the Alabama Terminal and Improvement Company at the time he executed to such company the note sued upon."

The plaintiffs demurred to the 4th plea upon the following grounds: "1st. Said plea is defective in this: That it avers a conclusion and not the facts upon which said conclusion is based.

"2d. Said plea is defective in this: It does not set forth and show the alleged false and fraudulent pretenses

upon which it is alleged said note sued upon was obtained.

"3d. Said plea seeks to impeach the execution of the note sued upon, and is not verified by affidavit.

"4th. Said plea is defective in this : It avers legal conclusions and facts." The demurrers to both pleas No. 1 and No. 4 were sustained, and the defendant declining to plead further, judgment was rendered for the plaintiffs for $2,735.49. The defendant appeals from this judgment, and assigns as error the sustaining of the plaintiffs' demurrers to the 1st and 4th pleas, respectively, and the rendition of judgment for the plaintiff.

WILLIAM A. GUNTER, for appellant.—The plea admits that the corporation being a *de facto* corporation, and so far as its rights to contract even a *de jure* body, obtained the defendant's note from him by promising a consideration, which the demurrer admits was fraudulently promised and can not be delivered and never could have been. In such case, to hold that the note may be enforced against the maker, when the statement of the facts forming the basis and consideration of his promise was deliberately false, and never could have been performed, is something entirely beyond all ideas of law and justice hitherto entertained by us. "When a person agrees 'to take' or 'purchase' shares, the intention is to buy the certificate representing the shares, as salable securities. In this case, therefore, the delivery of the certificates and the payment of the amount of the shares are intended by the parties to be concurrent acts."—1 Morawetz on Corp., § 61. The party is not, in such case, a stockholder until the certificates have been delivered. Neither party can require performance of the other without an ability and willingness to perform on his part.—*St. Paul, S. & T. F. R. R. Co. v. Robbins*, 23 Minn. 440. The demurrer to the plea should have been overruled.—*Ramsey v. Th.mpson*, 22 So. West. Rep. 719 ; *Thompson v. Sav. Bank*, 3 Am. S. Rep. 824 ; *Upton v. Englehart*, 3 Dill. 496.

TOMPKINS & TROY, *contra*.—There is but one question in this case, which is as follows : Can one who enters into a contract with a corporation as such, after it has been organized and while it is doing business as

[Haas v. Hall & Farley.]

such, to take so many shares of its stock and gives it
his note for the same, when sued on that note set up as
a defense that it was never legally organized, or, in
other words, can he convert such a suit into an action
to determine the existence of the corporation itself? We
insist that under the well settled rule in Alabama this
can not be done in this State.—*Cen. A. & M. Asso. v.
Ala. G. L. Ins. Co.*, 70 Ala. 120 ; *Lehman v. Warner*, 61
Ala. 455 ; *Bibb v. Hall & Farley*, 101 Ala. 79.     This last
decision is directly on this point.     This is the rule in
suits brought by the corporation itself upon contracts of
subscriptions made with it as a corporation after it com-
mences doing business; *a fortiori* it must be the rule
where the suit is brought by a transferee of such con-
tract.—1 Cook on Stocks & Stockholders,  §§ 185–6.

HEAD, J.—This is an action upon a note given by
defendant to the Alabama Terminal & Improvement
Company for the price of shares of the capital stock of
the company subscribed for by him.    The promise was
"to pay to the Alabama Terminal & Improvement Com-
pany as now chartered under the general laws of the
State of Alabama, or any amendments that may here-
after be made either by general law or by act of the leg-
islature, its order or assigns."    The first plea defends
upon the allegation of false representations made to the
defendant by those representing the company who took
the note, inducing him to subscribe for the shares and
execute the note.    The false representations alleged were
that the company was an existing corporation, duly and
legally organized under the laws of Alabama ; that such
persons further represented and agreed that upon the
execution and delivery of said writing, and the pay-
ment by defendant of the sum of money therein stipula-
ted to be paid, the defendant should become a member
and stockholder of said corporation, and have and receive
therefor the sum of $2,500 of the capital stock of said
corporation, which said stock should be and was that of
a duly and legally organized corporation under the laws
of Alabama.    It is alleged that the writing sued on was
given upon the faith and reliance on the truth of said
representations.    The falsity of the representations, and
knowledge thereof by the parties making them, are
alleged.    It is alleged:   That they were false in this:

[Haas v. Hall & Farley.]

that the alleged corporation was not, nor has it since become, a legally organized corporate body under the laws of Alabama; and it was organized fraudulently, in this: that the originators and organizers and corporators or stockholders of the same did not, as required by law, pay in cash 20 per cent. of the capital subscribed to the capital stock of the proposed corporation, but agreed among themselves that the said 20 per cent. should not be paid or collected; and that in pursurance of such agreement checks were given for said 20 per cent. by the several subscribers, upon the understanding that they would be kept, and not presented for payment, and that they were so kept, and have never been presented for payment, to this day, and have never been paid. That the board of corpora-tors, whose duty it was to collect or see to the collection of the said 20 per cent. of the subscription to stock of said proposed corporation, falsely certified to the judge of probate, over their signatures, the payment of such 20 per cent. in cash, and thereby obtained the certificate of such officer that the said alleged corporation had been duly organized under the laws of Alabama, and authorized to commence business under their charter. That, after this, defendant's said writing here sued on was taken from him by the agent of said alleged corporation for a proposed subscription by him to the capital stock of said alleged corporation, without any knowledge or information on his part of the said fraud and illegality in the organization of said alleged corporation, and that he had no notice or information thereof until after the commencement of this suit, nor had he any reason to suspect such fraud. And defendant says that it never has been, and is not now, in the power of said alleged corporation to carry out the contract with him, and de-liver to him, on the payment of the amount of money specified in said writing, an equal amount of valid and legal stock in a valid and legally organized corporation bearing the name or identity of the said alleged corpor-ation.. Wherefore defendant says that the taking of the said writing from him under the circumstances afore-said was and is a fraud upon him, and that he is under no obligation to pay said alleged debt.

My brothers think and hold that this plea is not subject to the grounds of demurrer assigned to it, and that

[Tibbs v. Alabama Great Southern Railroad Co.]

the court erred in sustaining the demurrer. I express no opinion. .

Reversed and remanded.

BRICKELL, C. J., not sitting.,